IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 31, 2022

**IN RE: CONSERVATORSHIP OF ABIGAIL OLMORE**

**Appeal from the Chancery Court for Hamilton County**
**No. 21-G-164        Pamela A Fleenor, Chancellor**

_____

**No. E2022-00588-COA-R3-CV**

_____

Because the notice of appeal was not timely filed, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; THOMAS R. FRIERSON, II, J.; AND KRISTI M. DAVIS, J.

Kevin R. Olmore, Tooele, Utah, pro se appellant.

Trevor Fielding Atchley, Chattanooga, Tennessee, for the appellee, Pamela M. Pfister.

R. Dee Hobbs, Chattanooga, Tennessee, for the appellee, Abigail Olmore.

**MEMORANDUM OPINION[1]**

Upon a review of the notice of appeal and the judgment of the Chancery Court for Hamilton County ("the Trial Court"), this Court determined that the notice of appeal was not timely filed in accordance with Rule 4(a) of the Tennessee Rules of Appellate Procedure. The Trial Court's judgment was entered on February 14, 2022. Appellant, Kevin R. Olmore ("Appellant"), filed his notice of appeal in this Court on May 3, 2022,

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

which is seventy-eight days after entry of the Trial Court's judgment. By Order entered May 6, 2022, this Court ordered Appellant to show cause why this appeal should not be dismissed. Appellant responded to our show cause order, agreed that the appeal was untimely filed, and asserted that his understanding was that he could file an appeal at any time.

A notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from . . .." Tenn. R. App. P 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *see also Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009). If a notice of appeal is not timely filed, this Court is not at liberty to waive the procedural defect. Tenn. R. App. P. 2.; *see also Arfken & Assocs., P.A. v. Simpson Bridge Co.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002).

As Appellant failed to file his notice of appeal within thirty days of entry of the Trial Court's judgment, the notice of appeal was untimely filed, thus depriving this Court of jurisdiction. This appeal is hereby DISMISSED. Costs on appeal are taxed to Appellant, Kevin R. Olmore, for which execution may issue.

**PER CURIAM**